**BARNES, Estate of, In re.**

Ohio Appeals, Second District, Miami County.

No. 458.   Decided March 21, 1952.

Leo H. Faust, Troy, for exceptors-appellees.
Merritt E. Schlafman, Dayton, for exceptors-appellant.

**OPINION**

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court sustaining certain exceptions of appellees to the inventory and appraisement filed by the administrator of Hattie E. Barnes, deceased, in the Probate Court of Miami County.

The appellants are the heirs at law of Hattie E. Barnes, deceased.

The judgment of the Court decreed that certain real estate and personal property should be held by the heirs of Hattie E. Barnes, deceased, as trustees for the benefit of certain named heirs at law of George W. Barnes, deceased, who was the husband of Hattie E. Barnes and predeceased her.

Five errors are assigned to the judgment. The fourth error assigned is that the trial judge, erred in rendering a decision on the evidence and testimony taken before his predecessor Common Pleas Judge who had died succeeding the taking of the testimony.

The hearing of the exceptions to the inventory had been certified to the Common Pleas Court for hearing for the reason that:

"The Probate Judge had before his incumbency been associated with a law firm which represented one of the parties."

The matter was then heard and testimony taken before the Hon. Paul T. Klapp, Judge of the Common Pleas Court of Miami County. Before the matter had been decided Judge Klapp died. Prior to the consideration of the evidence received on the hearing the following entry was approved by the trial judge and by counsel for the Hattie E. Barnes estate, for the exceptors and for the heirs of Hattie E. Barnes, appellants here. This entry provided that:

"Upon the agreement of the parties, it is hereby ordered that Hon. David S. Porter, Judge of the Common Pleas Court of Miami County, Ohio, successor to Hon. Paul T. Klapp, be and is hereby authorized to determine the issues in said case upon the transcript of the evidence taken at the trial of said cause before Hon. Paul T. Klapp."

This entry precludes the assertion of the error sought to be raised in the fourth assignment.

The third assignment is directed to the admission of certain testimony of Robert Prince on behalf of the exceptors. Robert Prince is an attorney at law and it fairly appears that he represented in the capacity of legal advisor, Hattie E. Barnes, respecting the subject matter contained in, and the estate of, her last will and testament which is involved in this proceeding. It is our judgment that the testimony of Robert Prince was a privileged communication between attorney and client and should not have been received under §11494 GC.

We do not deem it necessary to specifically consider the other errors assigned. The testimony of Robert Prince was merely cumulative of the testimony of numerous witnesses whose statements were not denied in any particular whatever.

There is then left but the one question whether, or not, upon the undisputed facts developed in the record, the Court

erred as a matter of law in declaring a trust in the property as set forth in the judgment entry. Upon this question we are satisfied to adopt the opinion of the trial judge in connection with his findings of fact and conclusions of law. They disclose painstaking care and attention to the probative effect of the evidence and the law to be applied with respect thereto. We are in accord not only with the conclusions of fact reached by the trial judge which could have been no different because not controverted but likewise in his determination that the exceptors were entitled to the relief sought and with the adjudication made.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.